IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID McKINNEY, :

    Plaintiff, : Case No. 3:18-cv-213

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

    Defendant. :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14); SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS THERETO (DOC. #15); VACATING COMMISSIONER'S NON-DISABILITY FINDING AND REMANDING CASE UNDER SENTENCE FOUR OF 42 U.S.C. § 405 FOR FURTHER CONSIDERATION; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits and Supplemental Security Income. On September 5, 2019, the United States Magistrate Judge filed a Report and Recommendations (Doc. #14), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Plaintiff has filed Objections to that Report and Recommendations (Doc. #15).

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).

This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v.*

*Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

**A.**

Plaintiff suffers from chronic obstructive pulmonary disease, degenerative disc disease, hypothyroidism and borderline intellectual functioning. The Administrative Law Judge ("ALJ") found that he has the residual functional capacity ("RFC") to do light work with several exceptions, including that he be limited to simple, routine

tasks in a static work environment with only few changes in routine, no fast-paced work or strict production quotas, and only occasional interaction with the public, coworkers and supervisors. Doc. #7, PageID#54. Plaintiff's Statement of Errors focuses only on the ALJ's *mental* residual functional capacity.

## B.

Reviewing physicians Dr. Swain and Dr. Savitscus found that Plaintiff would be limited to superficial social interaction. The ALJ found that these opinions were not well supported by the record and gave them only some weight. He gave great weight to the opinion of clinical psychologist Dr. George Schulz, who evaluated Plaintiff in June of 2015. The ALJ stated that Dr. Schulz's report was added to the record after Swain and Savitscus reviewed the records. *Id.* at PageID#57. All agree that this is factually incorrect. Swain and Savitscus, in fact, had access to Dr. Schulz's report.

Magistrate Judge Ovington agreed with the Commissioner that the ALJ's factual mistake was harmless error. She noted that Dr. Schulz had cited not only to his own observations, but also to many of Plaintiff's own statements contradicting any notion that he was limited to superficial social interactions. Plaintiff also indicated that he had never been treated for emotional, behavioral or psychological problems, and told Dr. Schulz that his inability to work was tied to his physical problems, not his mental problems. Dr. Schulz found that Plaintiff was in the borderline range of intellectual functioning, and that he can get along with

4

others even though he may have some difficulty responding to coworkers and supervisors.

Plaintiff objects to the fact that the Magistrate Judge took it upon herself to defend the ALJ's allegedly deficient decision by citing to portions of Dr. Schulz's report. The Court OVERRULES this Objection. Magistrate Judge Ovington was simply explaining why the ALJ's mistake concerning *when* Dr. Schulz's report was added to the record was harmless error. The ultimate question is whether the ALJ's decision was supported by substantial evidence. Dr. Schulz's report provides a rational basis for the ALJ to reject the opinions of Dr. Swain and Dr. Savitscus, who found that Plaintiff must be limited to superficial social interactions.

Accordingly, the Court ADOPTS this portion of the Magistrate Judge's Report and Recommendation.

### B.

Dr. Swain and Dr. Savitscus also opined that Plaintiff was moderately limited in his ability to maintain attention and concentration for an extended time and in his ability to complete a normal workday without interruptions. Doc. #7, PageID##104, 131. Magistrate Judge Ovington rejected Plaintiff's argument that the ALJ's assessment of Plaintiff's residual functional capacity failed to account for these limitations. She noted that the reviewing physicians found that Plaintiff can "complete simple, routine work tasks in a predicable work environment without strict production requirements." *Id.* Likewise, Dr. Schulz found that Plaintiff may

experience some objective performance concerns but was "mentally capable of completing routine or repetitive [] tasks" in a job setting. *Id.* at PageID#368. Magistrate Judge Ovington found that the ALJ's limitations on light duty work sufficiently accounted for the Plaintiff's moderately-limited ability to maintain attention and concentration for an extended time and his ability to complete a normal workday without interruptions.

Plaintiff objects to this finding. He notes that the Magistrate Judge did not address his argument that the vocational expert, Ms. Schneider, when presented with the hypothetical questions at the hearing, testified that the restrictions imposed by the ALJ do *not* sufficiently account for Plaintiff's limitations, and that the ALJ failed to address this inconsistency in his decision. The relevant testimony of the vocational expert is as follows:

> Q. Ms. Schneider, assume a hypothetical individual same age, education, and past work experience as the claimant. Who would be able to lift up to 10 pounds. Would be precluded from any bending. Could occasionally climb steps and ladders. Could frequently crouch, squat, and crawl. With just those limitations in your opinion is that what kind of profile are we looking at? Is that in your opinion sedentary profile or what?
>
> A. It would be, yes.
>
> Q. And, if I were to describe an individual who could complete simple, routine work tasks in a predictable work environment without strict production requirements, with that type of description would that suggest any problems with that individual's ability to maintain their attention and concentration?

> A. I'm going to repeat back to you what I think you said. If an individual was limited to simple, routine tasks. In a predictable work environment. No production quotas. Would it have limited that?
>
> Q. What does that suggest to you any problems with that individual's ability to maintain their attention and concentration?
>
> A. No.
>
> Q. Okay, and if I were to write the same type of thing: the simple, routine work tasks in a predictable work environment without strict production requirements does that suggest to you any problems to be able to complete a normal work day, and work week?
>
> A. No.

Doc. #7, PageID##92-93.

The Court tends to agree that the vocational expert appears to testify that the ALJ's limitations on light duty work failed to sufficiently account for the Plaintiff's moderately-limited ability to maintain attention and concentration for an extended time and his ability to complete a normal workday without interruptions. However, the hypothetical questions were not clearly worded, as evidenced by Ms. Schneider's response, "I'm going to repeat back to you what I *think* you said." (emphasis added). Moreover, the ALJ does not address this particular testimony anywhere in his decision.

As such, the Court SUSTAINS Plaintiff's Objection to the Report and Recommendations. This issue is REMANDED to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. Additional testimony from the

vocational expert is required to clear up any ambiguities. The ALJ must then address this issue in his decision.

### C.

In a related argument, Plaintiff alleges that Magistrate Judge Ovington failed to address his argument that the RFC fails to encompass Dr. Schulz's opinion that "[Plaintiff] is likely to experience some objective performance concerns by employers." Doc. #7, PageID#368. Again, Plaintiff cites to a hypothetical question asked to the vocational expert at the hearing:

> Q. Okay, and if you assumed a hypothetical individual same age, education, past work experience as the claimant who'd be likely to experience some objective performance concerns by employers with the regards to maintain ability to maintain attention, concentration, and persistence, and pace to perform simple tasks, and multistep tasks. In your opinion would such an individual be capable of sustaining competitive work activity?
>
> A. No, you would at least be able to maintain attention, concentration, persistence, and pace to do the simple tasks.

Doc. #7, PageID#94.

Plaintiff maintains that there is an inconsistency between the RFC, which gives great weight to Dr. Schulz's opinion and *allows* for light work, and the testimony of the vocational expert, which is also based on Dr. Schulz's opinion yet concludes that Plaintiff would not be capable of sustaining *any* work because of the objective performance concerns cited. Again, Plaintiff argues that the ALJ should have explained this inconsistency. The Court agrees and SUSTAINS Plaintiff's Objection to the Report and Recommendations.

The vocational expert's response to the hypothetical question is ambiguous. Although she answers "no" to the question of whether such an individual would be capable of sustaining competitive work activity, she then states "you would at least be able to maintain attention, concentration, persistence, and pace to do the simple tasks." Plaintiffs asks the Court to read her answer to mean that an individual with Plaintiff's limitations is incapable of sustaining any competitive work activity at all. However, it could also be interpreted to mean that, if the work activity were limited to *simple* tasks, Plaintiff's limited ability to maintain attention, concentration, and persistence and pace would not prevent him from holding a job.

Given this ambiguity and the ALJ's failure to discuss the implications of Dr. Schulz's finding that Plaintiff would experience "objective performance concerns" with employers, the Court REMANDS this issue to the Commissioner for further consideration under Sentence Four of 42 U.S.C. § 405(g). As before, it appears that further testimony from the vocational expert is required to resolve the ambiguity, which must then be addressed in a decision by the ALJ.

### D.

As set forth above, the Court ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Report and Recommendations, Doc. #14, and SUSTAINS IN PART and OVERRULES IN PART Plaintiff's Objections thereto, Doc. #15. The Court VACATES the Commissioner's non-disability finding and REMANDS the

matter under Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this Decision and Entry.

Judgment shall be entered in favor of Plaintiff and against Defendant Commissioner.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 28, 2019

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT